UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA ARNOLD f/k/a
BRENDA BREWER,
an individual,

      Plaintiff,

v.

MISSOURI HIGHER
EDUCATION LOAN
AUTHORITY,
d/b/a/ MOHELA,
a corporation,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation,
EQUIFAX INFORMATION
SERVICES LLC,
a foreign limited liability company, and
TRANS UNION LLC,
a foreign limited

      Defendants.
_____/

Case No.:

## COMPLAINT

**COMES NOW**, Plaintiff, BRENDA ARNOLD f/k/a BRENDA BREWER (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, MISSOURI HIGHER EDUCATION LOAN AUTHORITY, d/b/a/ MOHELA (hereinafter, "MOHELA"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), EQUIFAX INFORMATION SERVICES, LLC (hereinafter, "Equifax") and TRANS UNION, LLC (hereinafter, "Trans Union") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff

1

states:

## PRELIMINARY STATEMENT

1. This is an action brought by an individual consumer for damages for MOHELA's violation of the Fair Credit Reporting Act ("FCRA") wherein MOHELA unlawfully reported an alleged student loan account balance in Plaintiff's consumer credit files as maintained by Trans Union, Experian, and Equifax.

2. More specifically, despite Plaintiff advising MOHELA that she did not owe a balance on the alleged account, and after Plaintiff disputed MOHELA's reporting of such erroneous information directly to Trans Union, Experian, and Equifax, MOHELA *continued* to report the inaccurate account balance.

3. Furthermore, this is an action for damages for Trans Union's, Experian's and Equifax's violations of the Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") FCRA wherein Trans Union, Experian, and Equifax each continued to incorrectly report Plaintiff as responsible for the alleged MOHELA account balance after Plaintiff repeatedly advised that such balance was not owed, and after Plaintiff provided information to Trans Union, Experian, and Equifax proving the same.

4. Additionally, this is an action for damages brought by an individual consumer for MOHELA's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") wherein MOHELA attempted to collect a consumer debt directly from Plaintiff that Plaintiff did not owe.

## JURISDICTION, VENUE & PARTIES

5. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

6. Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

7. Venue is proper in this District as the acts and transactions described herein occur in this District.

8. At all material times herein, Plaintiff is a natural person residing in Polk County, Florida.

9. At all material times herein, MOHELA conducts business in Florida.

10. At all material times herein, MOHELA is a corporation existing under the laws of the state of Missouri, with its principal place of business located at 633 Spirit Drive, Chesterfield, Missouri 63005.

11. At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

12. At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia, with its principal place of business located at 1550 W Peachtree Street, Atlanta, Georgia 30309.

13. At all material times herein, Trans Union is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

## FCRA STATUTORY STRUCTURE

14. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. See 15 United States Code, Section 1681b.

15. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. Id. at § e(b) (emphasis added).

16. Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. Id. at § i(a).

17. Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. Id. at § i(a)(4).

18. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item

of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. Id. at § i(a)(5).

19. Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. Id. at § s-2(b).

20. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. Id. at § n.

21. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees.

Id. at § o.

## FCCPA STATUTORY STRUCTURE

21. The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C. §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

22. The FCCPA imposes liability on any creditor/person as well as any debt collector—who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. Fla. Stat. § 559.55(5).

23. Specifically, the FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." Fla. Stat. § 559.55(2) (emphasis added).

24. The FCCPA prohibits a person from attempting to collect a consumer debt that is known to be illegitimate. See Fla. Stat. §§ 559.72 (9).

## GENERAL ALLEGATIONS

25. At all material times herein, Plaintiff is an alleged "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

26. At all material times herein, MOHELA themselves and through their

subsidiaries, regularly extend student loans—and credit report debts associated with the same—allegedly owed by consumers residing in Polk County, Florida.

27. At all material times herein, MOHELA is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

28. At all material times herein, MOHELA furnishes information to Trans Union, Experian and Equifax concerning an alleged delinquent balance on an alleged student account referenced by account number beginning 5029- (hereinafter, the "Alleged Debt" or the "Account").

29. At all material times herein, MOHELA furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

30. At all material times herein, Plaintiff's mother, Cheryl Brewer (hereinafter, "Brewer"), paid off the full amount allegedly owed on the Account within her Chapter 13 Bankruptcy Plan.

31. Notwithstanding the satisfaction of the Account, MOHELA failed to accurately report the Account with a zero-dollar balance due to Trans Union, Experian, and Equifax, and instead reported the Account with an alleged balance due.

32. At all material times herein, MOHELA furnishes incorrect and/or incomplete information concerning the Account to Trans Union, Experian, and

7

Equifax —continuing after Plaintiff's repeated disputes—despite the alleged debt being completely satisfied.

33. MOHELA furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit, employment, housing, or insurance.

34. At all material times herein, Trans Union, Experian, and Equifax are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Trans Union, Experian, and Equifax each disburse such consumer reports to third parties under contract for monetary compensation.

35. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

36. All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

37. During or around December 2006, Plaintiff incurred a student loan so she could attend Polk Community College.

38. The Account was initially transferred to Navient Solutions, Inc.

("Navient") for servicing.

39. Sometime thereafter, MOHELA took over the servicing of the Account from Navient.

40. On March 8, 2019, Brewer filed for a Chapter 13 Bankruptcy ("Bankruptcy").

41. On May 15, 2019, Navient filed a Proof of Claim in the amount of $15,950.39.

42. Importantly, by filing the Proof of Claim, Navient was representing that $15,950.39 was owed on the Account.

43. Thus, once the $15,950.39 balance was paid, the Account was satisfied and the Account was extinguished in full.

44. Furthermore, on October 23, 2019, the Court issued an Order Confirming the Plan ("Order").

45. The Order directed Brewer to pay $15,950.39 in order to satisfy the Account in full.

46. On April 26, 2022, Brewer fully satisfied the Account through her Bankruptcy Plan.

47. Further, the Court certified that the Account was fully administered on June 28, 2022.

48. In other words, because Brewer fully satisfied the Account, Plaintiff did not owe any further monies on the Account as of April 26, 2022, because Brewer paid back the full amount owed as alleged by Navient's Proof of Claim.

## PLAINTIFF'S DISPUTE REGARDING THE ACCOUNT

49. Sometime in 2025, Plaintiff discovered that the Account was still reporting on her Trans Union, Experian, and Equifax credit report and credit file with a balance by MOHELA.

50. As such, in September 2025, Plaintiff disputed the MOHELA Account to Trans Union, Experian, and Equifax ("Plaintiff's First Dispute").

51. Trans Union, Experian, and Equifax received Plaintiff's First Dispute and conveyed the same to MOHELA.

52. In response to Plaintiff's First Dispute, MOHELA, Trans Union, Experian, and Equifax verified that Plaintiff still owed a balance on the Account.

## MOHELA'S DEBT COLLECTION COMMUNICATIONS

53. On July 23, 2025, MOHELA sent Plaintiff a debt collection letter and attempted to collect on the Account, and conveyed that she was $105.38 past due on the Account.

## DAMAGES

54. As a result of Defendants' reporting of the Account, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit as a result of the erroneous and incorrect reporting of the Account asserted as owed by her personally if she needed to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

55. As a result of Defendants' conduct, actions, and inactions, Plaintiff was

10

deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account with a balance past-due, she did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with excessive balances due resulting in the Account being reported as an open and current financial obligation.

56. Overall, Plaintiff suffered damage to her reputation as a result of Defendants' conduct.

57. Further, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to convey to Defendants that she did not owe a balance on the Account including supplying Defendants with supporting documentation, Plaintiff must simply endure Defendants' reporting of the Account.

58. Plaintiff suffered headaches, loss of sleep, and nausea.

59. Plaintiff retained Swift Law, PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

## COUNT ONE
## FAIR CREDIT REPORTING ACT –
## <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)</u>
### (As to MOHELA Only)

Plaintiff re-alleges paragraphs one (1) through fifty-nine (59) as if fully restated herein and further states as follows:

60. MOHELA is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Experian and Equifax remove the Account balance from Plaintiff's credit reports and credit file after re-investigating Plaintiff's repeated disputes.

61. Despite MOHELA receiving notice of Plaintiff's disputes from Plaintiff, Trans Union, Experian, and Equifax —including the information and documents referenced in the above paragraphs—MOHELA willfully and/or negligently failed to request that Trans Union, Experian, and Equifax remove the balance on the Account and continued to report incorrect information to Trans Union, Experian, and Equifax including a significant balance due.

62. MOHELA's re-investigations were not conducted using all information and documents reasonably available to MOHELA.

63. MOHELA's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT TWO:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)
### (As to Trans Union, Experian, and Equifax Only)

Plaintiff re-alleges paragraphs one (1) through fifty-nine (59) as if fully restated herein and further states as follows:

64. Trans Union, Experian, and Equifax are each subject to, and each violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

65. Trans Union, Experian, and Equifax willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

66. Specifically, despite the Account being paid in full—and despite Plaintiff's repeated disputes advising Trans Union, Experian, and Equifax of the same, Trans Union, Experian, and Equifax continued to unlawfully report the Account with a balance owed, resulting in the Account being reported as an outstanding financial obligation owed by Plaintiff personally.

67. Such reporting of the Account is false and evidences Trans Union's, Experian's, and Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

68. Overall, Trans Union, Experian, and Equifax willfully and/or

13

negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when investigating/re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in her Trans Union, Experian, and Equifax credit reports and credit file.

69. Trans Union, Experian, and Equifax's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

### COUNT THREE: FAIR CREDIT REPORTING ACT – VIOLATION OF 15 UNITED STATES CODE - SECTION 1681i (As to Trans Union, Experian, and Equifax Only)

Plaintiff re-alleges paragraphs one (1) through fifty-nine (59) as if fully restated herein and further states as follows:

70. Trans Union, Experian, and Equifax are each subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5) by: (1) failing to conduct reasonable investigations/re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; (2) failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and (3) failing to update or delete any information that was the subject of Plaintiff's disputes found to be

inaccurate or that could not be verified.

71. Specifically, Trans Union, Experian, and Equifax willfully and/or negligently refused to properly investigate/re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

72. Rather than conduct its own, independent investigation/re-investigation regarding Plaintiff's dispute, Trans Union, Experian, and Equifax solely relied on MOHELA's blanket and parroted assertions that Defendants were entitled to report the Account with a balance due.

73. Trans Union, Experian, and Equifax's failure to review and consider all information received in Plaintiff's disputes was done in bad faith.

74. Trans Union, Experian, and Equifax's actions in violation of 15 United States Code, Sections 1681i(a)(1), 1681i(a)(2), 1681i(a)(4), and 1681i(a)(5) constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FOUR:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTIONS 559.72(7) and (9)**
(As to MOHELA Only)

Plaintiff re-alleges paragraphs one (1) through fifty-nine (59) as if fully restated herein and further states as follows:

75. MOHELA is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by communicating with Plaintiff in an attempt to collect an alleged

15

consumer debt through means which can reasonably be expected to abuse or harass Plaintiff and violated Florida Statutes, Section 559.72(9) by communicating with Plaintiff in an attempt to collect the Alleged Debt despite MOHELA possessing knowledge that the Alleged Debt is not legitimately owed by Plaintiff and by asserting the existence of a legal right that MOHELA knows does not exist.

76. Specifically, as stated herein, Plaintiff was not and is not personally liable for the Alleged Debt, because Brewer paid off the Account in full.

77. Plaintiff repeatedly provided this information to MOHELA, yet they continued attempting to collect the alleged debt from her.

78. As such, MOHELA possessed actual knowledge that Plaintiff did not legitimately owe the Alleged Debt, yet MOHELA continued to communicate directly with Plaintiff in an attempt to collect the Alleged Debt.

79. Despite Plaintiff's exhaustive efforts advising that the Alleged Debt was not owed, MOHELA continued to communicate with Plaintiff in an attempt to collect the Alleged Debt.

80. MOHELA's conduct served no purpose other than to abuse and harass Plaintiff into paying the Alleged Debt, leading Plaintiff to believe that despite not owing the Account personally, MOHELA could and would continue to attempt to collect the Alleged Debt from Plaintiff unless and until Plaintiff paid the Alleged Debt in full.

81. MOHELA's willful violation of, *inter alia*, the Florida Consumer

Collection Practices Act as a means to collect the Alleged Debt constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Sections 559.72(7) and 559.72(9).

82. As a direct and proximate result of MOHELA's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully request an entry of:

    a.    Judgment against MOHELA, Trans Union, Experian, and Equifax for maximum statutory damages for violations of the FCRA;

    b.    Judgment against MOHELA for violations of the FCCPA.

    c.    Actual damages in an amount to be determined at trial;

    d.    Compensatory damages in an amount to be determined at trial;

    e.    Punitive damages in an amount to be determined at trial;

    f.    An award of attorney's fees and costs; and

    g.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—

pertaining to this litigation as required by law.

>Respectfully submitted,
>
>**SWIFT LAW PLLC**
>
>*/s/ Jon P. Dubbeld*
>**Jon P. Dubbeld, Esq., FBN 105869**
>11300 4th Street N., Suite 260
>St. Petersburg, FL 33716
>Phone: (727) 755-3676
>Fax: (727) 255-5332
>jdubbeld@swift-law.com
>jmurphy@swift-law.com
>*Counsel for Plaintiff*